FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 17 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LIBERTY MUTUAL INSURANCE
COMPANY, et al.,

                             Plaintiffs,

- against -

ACCURATE MEDICAL DIAGNOSTICS, PC,
et al.,

                             Defendants.
----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-7256 (CBA) (RLM)

AMON, Chief United States District Judge.

On December 20, 2013, plaintiffs Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, The First Liberty Insurance Corporation, LM Insurance Corporation, Liberty Mutual Mid-Atlantic Insurance Company, Liberty County Mutual Insurance Company and LM Property and Casualty Insurance Company (collectively "Liberty Mutual") commenced this action seeking damages and a declaratory judgment against defendants Accurate Medical Diagnostics PC, Novacare Medical PC ("Novacare"), Integrity Medical Solutions PC, Ahmed Elemam, Tatyana Gabinskaya ("Gabinskaya"), Samuel Walters, Jeffrey Lereah and several John Doe (collectively, "defendants"). The gravamen of Liberty Mutual's complaint is that the defendants provided medically unnecessary treatment to persons involved with automobile accidents and fraudulently submitted claims to Liberty Mutual for payment.

After Novacare and Gabinskaya failed to appear and defend this action, Liberty Mutual moved for the entry of default against them, which the Clerk of Court entered on January 21, 2014 and February 2, 2014, respectively. (See DE # 13, 17, 20, 22.) Liberty Mutual then moved for the entry of default judgment, and the Court referred that motion to Magistrate Judge

1

Rosanne Mann for a Report and Recommendation ("R&R"). (DE # 35, DE dated 4/16/2014.) On July 16, 2014, Magistrate Judge Mann issued an R&R recommending that the Court grant the requested default judgments and enter a declaratory judgment stating that Liberty Mutual is not obligated to pay any pending claims submitted by Novacare. (DE # 54.) The parties were provided 14 days to file any objections.

On July 29, 2014, Liberty Mutual, the prevailing party, timely filed a limited objection to dicta in footnote 11 of the R&R. (DE # 56.) In that footnote, the R&R expressed doubt that the allegations in the complaint supported finding Gabinskaya liable under 18 U.S.C. 1962(c), but concluded that the Court need not determine whether Gabinskaya was liable under the substantive RICO claim because the recovery on the substantive and the conspiracy count are identical and plaintiff is only entitled to a single recovery. Although Liberty Mutual concedes its objection is academic, it nevertheless contends that it is entitled to default judgment on both its substantive RICO and RICO conspiracy claims. It argues that the Court should not adopt footnote 11 as written because doing so would create unnecessary confusion regarding the standards for substantive RICO liability.

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Liberty Mutual admits that its objections to the R&R are academic and points to no error in Magistrate Judge Mann's recommendation that the Court not decide Gabinskaya's substantive RICO liability. Because the Court does not decide Gabinskaya's substantive RICO liability, it need not express any view as to the likelihood of Liberty Mutual's success on that claim.[1] The Court reviews the remainder of the R&R for clear error and, finding none, adopts the remainder of the R&R as the opinion of the Court.

## CONCLUSION

For the reasons stated above, the Court enters a declaratory judgment stating that plaintiff is not obligated to pay the pending claims submitted by Novacare. In addition, the Clerk of Court is directed to enter Judgment against Gabinskaya in the amount of $216,936.00 and against Novacare holding it jointly and severally liable for $101,502.46 of the $216,936.00 award.[2]

SO ORDERED.

Dated: December 17, 2014
      Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge

---

[1] The Court declines to adopt the dicta in footnote 11 of the R&R as it is not necessary to decide the issues presented.

[2] The award against Novacare equals the sum of $72,312.00 and prejudgment interest on that $72,312.00 in the amount of $29,190.46. The Court calculated prejudgment interest using the conservative methodology proposed by Liberty Mutual, i.e. interest ran from January 1 of the year following the year in which payment was made through the date of judgment. However, the Court notes that Liberty Mutual appears to have misapplied that methodology and instead calculated interest from January 1 of the payment year. (See Sirignano Decl., Ex. C). For example, in its proposed calculations, Liberty Mutual assumes a judgment date of April 30, 2014 and claims 5.33 years of interest for payments made in 2009. (Id.) Therefore, it must have started the interest clock on January 1, 2009—5.33 years prior to April 30, 2014—but by Liberty Mutual's own methodology, interest should have not have begun to accrue on 2009 payments until January 1, 2010. (Id.) Accordingly, the Court adopts the conservative methodology proposed by Liberty Mutual, but does not rely on the calculations provided by it.

3